UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUN 18 2008

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SCOTT D. MCDONALD, | \* | CIV 07-4145 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER |
| DR. BOYD; and FEDERAL BUREAU of PRISONS, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Scott D. McDonald ("McDonald"), an inmate at the Federal Prison Camp in Yankton, South Dakota, filed a *pro se* Complaint and a motion to proceed in forma pauperis. The motion to proceed in forma pauperis was granted, and McDonald has paid a partial filing fee. The Court has "screened" this case as required by 28 U.S.C. § 1915A, and has determined it must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

McDonald questions whether the defendants are providing him adequate medical treatment for his hernia. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prisoner's allegation of inadequate medical attention was recognized as a potentially viable claim for a violation of the prohibition against cruel and unusual punishment, via a § 1983 cause of action, in *Estelle v. Gamble*, 429 U.S. 97 (1976). Because McDonald is a federal inmate alleging constitutional violations against federal defendants, his claims are brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal officials have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials. To state a cause of action, McDonald must sufficiently allege "deliberate indifference" to his "serious

illness or injury." *Estelle v. Gamble*, 429 U.S. at 105. "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* Prison officials do not violate the Eighth Amendment when; in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). A prisoner's difference of opinion over matters of expert medical judgment or a prescribed course of treatment does not rise to the level of a constitutional violation. *Randall v. Wyrick* 642 F.2d 304, 308 (8th Cir. 1981). The Eighth Circuit has also noted that a prison health care system's failure to provide treatment that is "as extensive as a private health care provider" might have offered does not rise to the level of deliberate indifference. *Logan v. Clarke*, 119 F.3d 647, 650 (8th Cir. 1997).

Although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). If the complaint fails to allege a violation of a right secured under the Constitution or laws of the United States, the complainant has not stated a claim upon which relief may be granted. *Isakson v. First National Bank in Sioux Falls*, 990 F.2d 1098 (8th Cir. 1993). McDonald alleges that Dr. Boyd diagnosed him with a hernia, but Dr. Boyd has not recommended surgery to repair the hernia. McDonald claims that his hernia is getting larger and the pain and discomfort is increasing. He wants a second opinion to determine whether he is receiving proper medical care. The above-cited authority makes clear that these allegations are not enough to state a claim for an Eighth Amendment violation for deliberate indifference to a serious medical need. In addition, the Bureau of Prisons must be dismissed because it is not a not proper party to this *Bivens* action. *Cf. Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 & 70 (1989) (state and its agencies sued for monetary relief are not "persons" for purposes of liability under § 1983).

Dismissal of McDonald's case pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *See, e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

The amount paid to date, therefore, will not be refunded and McDonald remains responsible for the balance of the $350.00 filing fee. Accordingly,

    IT IS ORDERED:

    (1)    That the Clerk of Court shall classify this action as a *Bivens* civil rights action.

    (2)    that Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and that he remain responsible for the balance of the $350.00 filing fee.

Dated this 18th day of June, 2008.

                                            BY THE COURT:

                                            Lawrence L. Piersol
                                            United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Colleen Schulte
    (SEAL)    DEPUTY